NO.
12-07-00034-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

JOSEPH M. MARTEL,        §          APPEAL
FROM THE 

APPELLANT

 

V.        §          COUNTY
COURT AT LAW OF

 

THE STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Joseph M.
Martel appeals from the trial court’s denial of relief on his pretrial
application for writ of habeas corpus. 
In two issues, he argues that the trial court erred when it declared a
mistrial during his trial for assault and that double jeopardy principles bar
another trial.  We affirm. 

 

Background

            During
Appellant’s trial for assault, one of the jurors alerted the trial court that
she had learned during an overnight break that her husband had a business
relationship with Appellant. 
Specifically, she learned that Appellant leased office space to her
husband and that Appellant had visited the property sometime after the trial
began and had a conversation with the juror’s husband.  The juror maintained that her husband did not
know which trial she was sitting on, but that her husband told her that
Appellant was a “nice guy.”








            The
State moved for a mistrial, arguing that the juror could not be fair and
impartial.  Appellant opposed the State’s
motion.  After considering the evidence,
the trial court determined that the trial would not be fair if the juror
continued to serve.  Apparently there was
not an alternate juror.  The trial court
determined that there was not another remedy short of ending the trial and
declared a mistrial.  The State filed a
motion asking the trial court to find a “manifest necessity” for the
mistrial.  Appellant opposed that motion
and filed a request for a hearing.  
However, the docket sheet indicates that Appellant’s attorney called the
court in advance of the hearing and said that counsel “did not want a hearing
on the manifest necessity matter and would not pursue this matter further.”  Thereafter the trial court entered a written
order finding a manifest necessity for the mistrial.

            Appellant
filed a special plea of former jeopardy and an application for writ of habeas
corpus.  Appellant alleged that the
problem with the juror did not represent a “manifest necessity,” that jeopardy
had attached, and he could not be tried again on this charge.  The trial court overruled the special plea
and denied habeas corpus relief.  This
interlocutory appeal of the denial of habeas corpus relief followed.

Double
Jeopardy

            In
two issues, Appellant argues that no manifest necessity required a mistrial and
that he may not be tried again on this charge. 

Standard of Review and Applicable Law

            Generally,
we review a trial court’s decision to grant or deny relief on a writ of habeas
corpus for abuse of discretion.  Ex
parte Wheeler, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).  We review the facts in the light most
favorable to the trial court’s ruling.  See
Ex parte Masonheimer, 220 S.W.3d 494, 507 (Tex. Crim. App.
2007).  We review wholly legal
conclusions de novo.  See Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

            The
Fifth Amendment to the U.S. Constitution contains a Double Jeopardy Clause,
which provides that “[n]o person shall . . . be subject for the same offence to
be twice put in jeopardy of life or limb.” 
U.S. Const. amend V.  Jeopardy
attaches in a jury trial when the jury is empaneled and sworn.  Hill v. State, 90 S.W.3d 308,
313 (Tex. Crim. App. 2002).  But a trial
that ends in a mistrial is not a former jeopardy if it occurs with the
defendant’s consent or because of a “manifest necessity.”  Id. (citing Oregon v.
Kennedy, 456 U.S. 667, 672, 72 L. Ed. 2d 416, 102 S. Ct. 2083
(1982)).  A trial court has discretion to
declare a mistrial based on manifest necessity but only in “very extraordinary
and striking circumstances” that render it impossible to arrive at a fair
verdict or impossible to continue with trial or when the verdict would be
automatically reversed on appeal because of trial error.  Id.  Before granting a mistrial, a court must
consider and rule out “less drastic alternatives.”  Id. (citing Brown v.
State, 907 S.W.2d 835, 839 (Tex. Crim. App. 1995)).

Analysis

            The
trial court concluded that a manifest necessity existed because the juror was
unable to be fair and impartial after Appellant’s indirect contact with her and
that there was not a less drastic alternative to declaring a mistrial.  The juror told the court that Appellant had
come to her husband’s place of work and visited with him.  Her husband told her that Appellant visited
his tenants regularly and that he thought Appellant was a “nice guy.”  She further testified that she “would just
not be happy about, you know, giving a negative verdict, I guess, against
someone that my husband has a business connection with.”[1]  In announcing its ruling, the court said 

 

[t]he thing that
bothers me about this juror, obviously, she - - her words, but her actions
almost as much as her words.  She said in
here - - she would not look at the defendant when she was talking.  She wasn’t shaking, but she just looked
scared while she’s [sic] talking.  The
bottom line is, in regards to this juror, that contact has adversely affected
this juror to such [sic] that I think it’s obvious . . . that it’s obviously
affected that juror to such an extent that this would not be what I call a fair
trial if we continue from now on with that juror into the guilt-innocence stage
or let alone the penalty stage of the trial.

 

            Appellant
argues that the record does not show that the juror could not follow
instructions or her oath.  But the trial
court considered the juror’s testimony as well as her demeanor while testifying
and concluded that she could not continue to be a fair and impartial
juror.  We must afford deference to this
kind of factual determination, especially where, as here, it is supported by
facts in the record.  Giving due deference
to the trial court’s factual findings, we hold that the trial court did not err
when it concluded that it would be impossible to arrive at a fair verdict if
the trial continued with the juror.  

            Appellant
also argues that the court should have chosen a less drastic alternative other
than declaring mistrial.  Appellant did
not suggest any alternatives at the time. 
On appeal he argues that the trial court should have asked more
questions or given the juror further instruction.  But further inquiry is not another solution
to the problem that existed.  Rather it
is a tool to measure the scope of the problem. 
And further instructing the juror is an alternative that the trial court
implicitly, if not explicitly, considered. 
The court was clearly convinced that the juror could not be fair given
the statements she made and the court’s observation of her demeanor.

            One
example of a less drastic alternative to a mistrial when a juror becomes unable
to serve is to continue with less than twelve jurors.  In fact, it is reversible error for a trial
court not to continue with eleven jurors in such a situation.  See Hill, 90 S.W.3d at
315.  But that conclusion is based on a
specific statute that requires such a result for felony cases and does not
apply to misdemeanor cases such as this where there are six jurors.  Tex.
Code Crim. Proc. Ann. art. 36.29 (Vernon Supp. 2007).  

            The
trial court considered alternatives to declaring a mistrial and was not able to
arrive at a solution that would allow the trial to continue.  Under the circumstances, this was a
reasonable conclusion, and Appellant has not shown another less drastic
solution that should have been employed. 
Because the trial court concluded that the juror could not continue, and
because there was not a reasonable alternative to a mistrial, a mistrial was a
manifest necessity.  Accordingly, the
first trial was not a former jeopardy, and the trial court did not err when it
denied relief on Appellant’s application for habeas corpus.  We overrule Appellant’s first and second
issues.

Disposition

            Having
overruled Appellant’s two issues, we affirm the judgment of the
trial court.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion
delivered January 31, 2008.

Panel consisted of Worthen,
C.J. and Hoyle, J.

Griffith, J., not
participating.

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
The State postulated that Appellant contacted the juror’s husband knowing he
was related to the juror.  The trial
court discounted this possibility because there had never been a juror card for
the juror in question and so Appellant did not know anything about the juror
other than her name and whatever she disclosed during voir dire.